# EXHIBIT A

# 202106531, NARCISSE, JACKEE vs. BOTTLING GROUP LLC (D/B/A PEPSICO)

TX District & County - Harris (District Only)

Harris

**This case was retrieved on 03/02/2021**

## Header

**Case Number:** 202106531
**Date Filed:** 02/02/2021
**Date Full Case Retrieved:** 03/02/2021
**Status:** Open
**Misc:** (43) DISCRIMINATION; Civil

## Summary

**Case Type:** Civil
**Judge:** ELAINE H PALMER
**Court Number:** 215th

## Participants

**Litigants**
NARCISSE, JACKEE
**PLAINTIFF - CIVIL**

BOTTLING GROUP LLC (D/B/A PEPSICO)
**DEFENDANT - CIVIL**
PEPSICO
**DEFENDANT - CIVIL**
BOTTLING GROUP LLC (D/B/A PEPSICO)(A CORPORATION) MAY BE SERVED BY
**REGISTERED AGENT**

**Attorneys**
MURPHY, MARJORIE A.
PLAINTIFF - CIVIL
Status: Active

## Services

| Type | Status Description | Instrument Served | Person Served | Details |
|---|---|---|---|---|
| CITATION | SERVICE ISSUED/IN | ORIGINAL | BOTTLING GROUP LLC (D/B/A | Requested Date: |

Carol Qualls | EXHIBIT A

202106531, NARCISSE, JACKEE vs. BOTTLING GROUP LLC (D/B/A PEPSICO)

| Type | Status Description | Instrument Served | Person Served | Details |
|---|---|---|---|---|
| (CERTIFIED) | POSSESSION OF SERVING AGENCY | PETITION | PEPSICO)(A CORPORATION) MAY BE SERVED BY | 02/02/2021<br>Issued Date: 02/03/2021<br>Tracking Number: 73837602<br>Deliver To: CVC/CTM SVCE BY CERTIFIED MAIL |

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 02/02/2021 | | ORIGINAL PETITION | Attorney: MURPHY, MARJORIE A.<br>PersonFiling: NARCISSE, JACKEE |
| 02/02/2021 | | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | Document Number: 94224737/ 94224738<br>Pages: 10 |
| 02/03/2021 | | Certified Mail Tracking Number 7018 2290 0001 3525 5149 | Document Number: 94244080<br>Pages: 2 |
| 02/03/2021 | | Reference for Issuance of Service | Document Number: 94239937<br>Pages: 1 |
| 02/04/2021 | | Certified Mail Receipt | Document Number: 94309778<br>Pages: 1 |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

End of Document



**202106531 - NARCISSE, JACKEE vs. BOTTLING GROUP LLC (D/B/A PEPSICO) (Court 215)**

Chronological History | Print All
(non-financial)

Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties
Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images

Click column headings to sort. Click again to toggle direction.
Service will be available 24 hours from date of issuance.

Print Service

Services    Notices

| Type | Status Description | Instrument Served | Person Served | Requested Date | Issued Date | Served Date | Returned Date | Received By Clerk | Tracking Number | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (CERTIFIED) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | BOTTLING GROUP LLC (D/B/A PEPSICO)(A CORPORATION) MAY BE SERVED BY | 2/2/2021 | 2/3/2021 | | | | 73837602 | CVC/CTM SVCE BY CERTIFIED MAIL |

[WS4]

**202106531 - NARCISSE, JACKEE vs. BOTTLING GROUP LLC (D/B/A PEPSICO) (Court 215)**

Chronological History | Print All (non-financial)

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

*Note: Not every case file in our library of records is available in electronic format. (A document may be filed in a case that is not viewable electronically.) Only non-confidential civil/criminal documents are available to the public. If a document in a case you are looking for is not available, please click here to notify Customer Service.

Purchase Order ( 0 documents )

Print List

| Image No. | Type | Title [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 94309778 | Filing | Certified Mail Receipt | | 02/04/2021 | 1 | Add to Basket |
| 94239937 | Filing | Reference for Issuance of Service | | 02/03/2021 | 1 | Add to Basket |
| 94244080 | Filing | Certified Mail Tracking Number 7018 2290 0001 3525 5149 | | 02/03/2021 | 2 | Add to Basket |
| 94224737 | Filing | PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE | | 02/02/2021 | 9 | Add to Basket |
| -> 94224738 | Filing | Civil Case Information Sheet | | 02/02/2021 | 1 | Add to Basket |

[WS4]

Case 4:21-cv-00675   Document 1-4   Filed on 03/02/21 in TXSD   Page 6 of 19

2/2/2021 6:36:37 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 50293378
By: THAYER, CECILIA
Filed: 2/2/2021 6:36:37 PM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): _____   COURT (FOR CLERK USE ONLY): _____

STYLED Jackee Narcisse vs. Bottling Group, LLC d/b/a PepsiCo
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

**Name:** Marjorie Murphy
**Email:** marjorie@themurphylawpractice
**Address:** 2101 Citywest Blvd, Ste. 100
**Telephone:** 832-564-3804
**City/State/Zip:** Houston, TX 77042
**Fax:** 832-553-7441
**Signature:** [signed]
**State Bar No:** 24013218

**Names of parties in case:**
Plaintiff(s)/Petitioner(s): Jackee Narcisse
Defendant(s)/Respondent(s): Bottling Group, LLC d/b/a PepsiC

**Person or entity completing sheet is:**
[X] Attorney for Plaintiff/Petitioner
[ ] Pro Se Plaintiff/Petitioner
[ ] Title IV-D Agency
[ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:

**Foreclosure**
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability:

- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product:

- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [X] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

- [X] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

EXHIBIT A-1

Rev 2/13

Case 4:21-cv-00675   Document 1-4   Filed on 03/02/21 in TXSD   Page 7 of 19

2/2/2021 6:36 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50293378
By: Cecilia Thayer
Filed: 2/2/2021 6:36 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **JACKEE NARCISSE** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| | § | |
| **BOTTLING GROUP, LLC** | § | |
| d/b/a | § | |
| **PEPSICO** | § | |
| | § | |
| *Defendant* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW Plaintiff, Jackee Narcisse, (hereinafter, Plaintiff or "Ms. Narcisse") complaining of Defendant Bottling Group, LLC d/b/a PepsiCo (hereinafter, "Defendant" or "PepsiCo"), and in support of her causes of action would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION, PARTIES AND VENUE

2. Venue is proper in Harris County, Texas, pursuant to Section 15.02(a) (1), as all or substantial part of the events or omissions giving rise to this claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002 (a) (2).

3. Plaintiff, Jackee Narcisse, is an individual who resides in Harris County, Texas.

4. Plaintiff, Jackee Narcisse, is an openly, gay woman and her employment with Defendant was protected by the Texas Commission on Human Rights Act at all relevant times of

the allegations in this lawsuit. Ms. Narcisse was, at all relevant times, an employee within the meaning of the applicable statutes.

5. Defendant Bottling Group, LLC d/b/a PepsiCo is a corporation doing business in Harris County, Texas and can be served with process by delivering a true and correct copy of this Original Petition by serving its registered agent of record: CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

6. The Court has jurisdiction over this matter in accordance with the Texas Civil Practices and Remedies Code.

## VICARIOUS LIABILITY--RESPONDEAT SUPERIOR

7. Whenever in this pleading it is alleged that Defendant did any act or thing, or failed to do any act or thing, it is meant that Defendant's officers, owners, servants, employees, or representatives and management did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment at PepsiCo, or in the furtherance of Defendant PepsiCo's interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant, or was done by an authorized member of management of Defendant or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, management and/or representatives.

8. All conditions precedent to the filing of this lawsuit have occurred.

## III.
## EXHAUSTION OF ADMINSTRATITIVE REMEDIES

9. Ms. Narcisse filed an original Charge of Discrimination ("Charge") with the Texas Workforce Commission (hereinafter "TWC") on or about October 19, 2020, wherein she averred that Defendant engaged in discrimination against her because of her sex/gender and sexual

orientation by subjecting her to disparate treatment and allowing her male coworkers, at least one of whom was known to incite violence, to berate her and call her a dike bitch and gay hoe, and to threaten her life in front of management and other coworkers and that Defendant then terminated her employment. The TWC assigned Ms. Narcisse's Charge thereto the No. 460-2020-05549.

10. The TWC issued Ms. Narcisse a Right-to-Sue letter on December 14, 2020, and she has timely filed suit.

## IV.
## NOTICE OF FACTS

11. Ms. Narcisse is an openly gay female. She prefers to wear masculine clothes, and she fully accepts her dominant nature.

12. On October 1, 2018, Defendant hired Ms. Narcisse to work with PepsiCo as a full-time loader in Defendant's warehouse.

13. During Ms. Narcisse's employment at PepsiCo, Defendant kept daily performance logs, which indicated she was one of the best performers in the warehouse. Accordingly, Ms. Narcisse sought promotions with Defendant in line with her qualifications but Defendant never considered her for promotion or promoted her.

14. Determined, however, Ms. Narcisse just focused on performing her best in hopes that Defendant would eventually promote her. Ms. Narcisse's job was physically taxing. Heavy lifting was required by the job.

15. In approximately October 2019, Ms. Narcisse was injured at work while lifting and was placed on light duty. Although on light duty, Defendant regularly forced Ms. Narcisse to work jobs that exceeded her physical abilities and medical limitations by requiring her to lift items heavier than her medical restrictions allowed.

16. Although Ms. Narcisse complained directly to management that the work she was required to do was outside of her medical restrictions, Defendant did not change her workload or assignment. Further, Ms. Narcisse felt pressured to return to full-duty work because her coworkers constantly told her that Defendant would get rid of her if she did not return to full time work. Even manager Richard had "joked" with Ms. Narcisse about her losing her job.

17. Worried about her job, Ms. Narcisse requested that her doctor release her to full-duty work in approximately November 2019 although she did not feel physically ready to return to fulltime work.

18. In mid-November 2019, Ms. Narcisse's doctor released her back to work with physical restrictions and Ms. Narcisse reported to work on or about November 15, 2019. While there, however, Defendant's warehouse manager, Maria told Ms. Narcisse that she could not be at work with medical restrictions and that she was not able to return to work until fully cleared from all restrictions.

19. Based on Maria's instructions, Ms. Narcisse went out on medical leave from November 2019 to approximately December 2019.

20. Upon her doctor's release, Defendant reassigned Ms. Narcisse to her full-time loader position.

21. At around this same time period, a male employee named Barrett repeatedly called Ms. Narcisse a dike bitch. Despite this discriminatory slur, Defendant allowed Barrett to continue to work with Ms. Narcisse.

22. In February 2020, Ms. Narcisse re-injured her back on the job, and this time, Defendant's doctor placed her on medical leave as her back injury was significant.

23. While on medical leave, in approximately June 2020 Ms. Narcisse's supervisor Richard Medina texted her pressuring her to come back to full duty work. In fact, Mr. Medina also had other workers such as Terrance also text Ms. Narcisse urging her to come back to work. A coworker told Ms. Narcisse that Mr. Medina had said that if she returned to work before her back fully healed, there would be a claw position available upon her return to work.

24. Physically unable, Ms. Narcisse remained out on medical leave. On or about June 11, 2020, Ms. Narcisse underwent surgery to reduce the tension on her back.

25. In August of 2020, Mr. Medina spoke to Ms. Narcisse's doctor and afterwards, Ms. Narcisse's doctor fully released her back to work. Ms. Narcisse returned to work on or about August 24, 2020.

26. On her first day back, Narcisse was operating a forklift down an aisle when another employee, Josh, ran the pallet jack he was operating into the end of Ms. Narcisse's forklift.

27. Josh charged towards Ms. Narcisse as if he was going to strike her. Supervisor John came down the aisle to see what was going on. In the presence of Supervisor John and another coworker, Josh called Plaintiff Narcisse a dike bitch, a gay hoe and threatened to shoot her several times.

28. Upon information and belief, this was not Josh's first time physically threatening a coworker while working with Defendant.

29. Based on Josh's aggression and hostility towards her, Ms. Narcisse was reasonably scared for her life. Even in front of Supervisor John, Josh continued to physically threaten Ms. Narcisse's life and yell that he would shoot her dike ass. Ms. Narcisse endured these threats without management intervention for at least 10 minutes. Eventually, Supervisor John walked Josh off Defendant's premises, and told Ms. Narcisse, "I need to get this nig-er out of here."

30. The next day, Ms. Narcisse went to work only to see Richard, John and Josh in the office talking and laughing. Ms. Narcisse immediately went to complain to warehouse manager Clint, who had not witnessed the incident the day before. Ms. Narcisse told Clint she did not feel comfortable working within Josh's presence and wanted to go home until it was safe to return to work but Clint asked her to stay while he investigated her claims.

31. Thirty minutes later, Clint came back to Ms. Narcisse and suspended her employment pending further investigation while Josh, the male coworker, who had called Ms. Narcisse a dike bitch, gay hoe and threatened to shoot her was not immediately suspended. Defendant told Ms. Narcisse that they would contact her upon the completion of Defendant's investigation.

32. For weeks Defendant did not reach out to Ms. Narcisse. In fact, Ms. Narcisse had to call Defendant several times to get an update.

33. On or about September 10, 2020, Defendant PepsiCo terminated Ms. Narcisse's employment alleging that Ms. Narcisse violated Defendant's policy regarding anti-violence by threatening a fellow coworker but that was completely false and Defendant's management knew it. In fact, Defendant's supervisor John witnessed the incident and knew that it was Josh, the male employee who made hateful and discriminatory comments about Ms. Narcisse's sex and sexual orientation and threatened to shoot her in front of other coworkers.

34. As set forth above, Defendant has subjected Ms. Narcisse to disparate treatment by its harsh discipline towards her and its failure to promote her in comparison to its male employees and/or its employees who are not openly gay. The facts herein demonstrate that Defendant's adverse actions against Ms. Narcisse was based on her sex/gender and/or sexual orientation.

# V.
# CAUSES OF ACTION

A. **Gender Discrimination in Violation of the Texas Commission on Human Rights Act ("TCHRA")**

35. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

36. As herein alleged, Defendant illegally discriminated against and subjected Plaintiff to disparate treatment because of her gender (female) and/or because of her sexual orientation. Specifically, Defendant illegally subjected Plaintiff to disparate treatment in the form of repeated but unwarranted failures to promote, harassment, harsh treatment, maltreatment, denied benefits, discipline and termination based in whole or part on her gender and/or her sexual orientation.

37. Defendant had no legitimate business reasons for any of its acts of discrimination and harassment toward Plaintiff. Each act of gender discrimination and harassment is in violation of the TCHRA.

38. As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts that will be proven at trial.

39. The above-described acts on Defendant's part were undertaken in violation of the TCHRA, and the above-described acts proximately caused Plaintiff substantial injuries and damages.

# VI.
# JURY DEMAND

40. Plaintiff requests that this action be heard before a jury and will pay the jury fee as required by the Rules.

## VII.
## REQUEST FOR DISCLOSURE

41. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2.

## VIII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of sex/gender and/or sexual orientation;

b. All damages to which Plaintiff may be entitled pursuant to this Original Petition, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Petition or by any amendment hereto.

Respectfully submitted,

*/s/  Marjorie A. Murphy*

_____

Marjorie A. Murphy
State Bar No. 24013218
2101 Citywest Blvd, Ste. 100
Houston, Texas  77042
Telephone:  (832) 564-3804
Facsimile:  (832) 553-7441
Email:marjorie@themurphylawpractice.com
**ATTORNEY FOR PLAINTIFF,**
**JACKEE NARCISSE**

7018 2290 0001 3525 5149

P. 2

CAUSE NO. 202106531

RECEIPT NO. 890527 75.00 CTM

********** TR # 73837602

PLAINTIFF: NARCISSE, JACKEE
vs.
DEFENDANT: BOTTLING GROUP LLC (D/B/A PEPSICO)

In The 215th
Judicial District Court
of Harris County, Texas
215TH DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: BOTTLING GROUP LLC (D/B/A PEPSICO)(A CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET STE 900 DALLAS TX 75201 - 3136

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 2nd day of February, 2021, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:

This citation was issued on 3rd day of February, 2021, under my hand and seal of said Court.

DISTRICT COURT OF HARRIS COUNTY TEXAS

Issued at request of:
MURPHY, MARJORIE A.
2101 CITYWEST BLVD., STE.100
HOUSTON, TX 77042
Tel: (832) 564-3804
Bar No.: 24013218

Marilyn Burgess

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: THAYER, CECILIA MUK//11679638

Unofficial Copy Office of Marilyn Burgess District Clerk

CLERK'S RETURN BY MAILING

Came to hand the ______ day of ____________________, ______, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE to the following addressee at address:

______________________________

______________________________
(a)ADDRESSEE

______________________________

______________________________
ADDRESS

Service was executed in accordance with Rule 106 (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

______________________________
on ______ day of ____________________, ______
by U.S. Postal delivery to ______________________________

______________________________

This citation was not executed for the following reason: ______________________________

______________________________

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By ______________________________, Deputy

N.INT.CITM.P

RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

*73837602*

EXHIBIT A-3

# 7018 2290 0001 3525 5149

CAUSE NO. 202106531

RECEIPT NO. 890527      75.00    CTM
\*\*\*\*\*\*\*\*\*\*     TR # 73837602

| | |
|---|---|
| PLAINTIFF: NARCISSE, JACKEE<br>vs.<br>DEFENDANT: BOTTLING GROUP LLC (D/B/A PEPSICO) | In The   215th<br>Judicial District Court<br>of Harris County, Texas<br>215TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: BOTTLING GROUP LLC (D/B/A PEPSICO)(A CORPORATION) MAY BE SERVED BY
SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET STE 900    DALLAS   TX   75201 - 3136
Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>2nd day of February, 2021</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

TO OFFICER SERVING:
    This citation was issued on 3rd day of February, 2021, under my hand and seal of said Court.

<u>Issued at request of</u>:
MURPHY, MARJORIE A.
2101 CITYWEST BLVD., STE.100
HOUSTON, TX 77042
Tel: (832) 564-3804
<u>Bar No.</u>: 24013218

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: THAYER, CECILIA   MUK//11679638

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

_____
(a)ADDRESSEE

ADDRESS
_____

Service was executed in accordance with Rule 106
    (2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____, _____
by U.S. Postal delivery to _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P            \*73837602\*

2/3/2021 3:08 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50325993
By: Cynthia Clausell-McGowan
Filed: 2/3/2021 3:08 PM



# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** Original Petition _____

**FILE DATE:** _02/02/21_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Bottling Group, LLC d/b/a PepsiCo _____

Address of Service: 1999 Bryan Street, Ste. 900 _____

City, State & Zip: _____ Dallas, Texas 75201-3136. _____

Agent (if applicable) _____ CT Corporation System _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [ ] **Citation**     [ ] **Citation by Posting**     [ ] **Citation by Publication**     [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**     Newspaper_____
- [ ] **Temporary Restraining Order**     [ ] **Precept**     [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**     [ ] **Capias** (not by E-Issuance)     [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**     [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**     [ ] **Hague Convention ($16.00)**     [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)     [ ] **Injunction**     [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- X **CERTIFIED MAIL by District Clerk**
- [ ] **E-Issuance by District Clerk** (No Service Copy Fees Charged)

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____ Phone: _____
- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Marjorie A. Murphy__ Bar # or ID  24013218

Mailing Address:_2101 Citywest Blvd., Ste. 100, Houston, Texas 77042_____

Phone Number:___832-564-3804_____

EXHIBIT A-4



2021-06531

02-04-2021

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

EXHIBIT A-5